**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BILLY WAYNE WILLIAMS, #1267302,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-2058-L** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge. The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate

pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal

Justice, Correctional Institution Division (TDCJ-CID). Respondent is the Director of TDCJ-

CID. The court did not issue process in this case.

Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner of

aggravated assault with a deadly weapon and assessed punishment at life imprisonment. *State v.*

*Williams*, No. F03-00824-VW (363rd Jud. Dist. Ct., Dallas County). The court of appeals

affirmed his conviction. *Williams v. State*, No. 05-05-00182-CR (Tex. App. -Dallas, 2005, no

pet.). Thereafter, Petitioner unsuccessfully filed multiple requests for rehearings, stays and

reconsideration (either through his appointed counsel or *pro se*). *Id.* He also filed a pro se

motion for extension of time to file a petition for discretionary review (PDR), which the Texas

Court of Criminal Appeals (TCCA) denied.  *See* No. PD-1978-06.[1]

Subsequently Petitioner filed two state applications for writ of habeas corpus pursuant to

art. 11.07, Texas Code of Criminal Procedure, the first on August 5, 2005, and the second on

January 22, 2007.  The TCCA dismissed the first application on May 17, 2006, because his

direct criminal appeal was pending as of the date of its filing.  *See Ex parte Williams*, No. WR-

14,076-18.  The TCCA denied the second application without written order on the trial court's

findings without a hearing on March 28, 2007.  *See Ex parte Williams*, No. WR-14,076-20.[2]

On December 10, 2007, Petitioner filed this federal habeas petition raising seven grounds

for relief.  (Petition (Pet.) at 7-8).[3]

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas

corpus relief.  *See* 28 U.S.C. § 2244(d).  The court may raise the affirmative defense of the

statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999);

---

[1]     The docket sheet for Petitioner's direct appeal and motion for extension of time to file a petition for discretionary review can be viewed at the following internet addresses: http://www.courtstuff.com/FILES/05/05/0505050182.HTM, and http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=248801.

[2]     The docket sheets for Petitioner's art. 11.07 writ are available at the following internet addresses: http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=242080; and http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=250468.

[3]     For purposes of this recommendation, the petition is deemed filed on December 7, 2007, the date Petitioner signed and certified handing it to prison officials for mailing.  (Pet. at 9).  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

*see also Day v. McDonough*, 547 U.S. 198, 210-11, 126 S.Ct. 1675, 1684-85 (2006).[4]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

In this case, Petitioner did not file a PDR. The court must, therefore, determine when the time for seeking further direct review in the state court expired -- namely, when the time for

---

[4] On January 3, 2008, the court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response to the court's show cause order on February 6, 2008.

filing a petition for discretionary review elapsed. *See Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir.2003). Under Tex. R. App. P. 68.2(a), a petition for discretionary review must be filed within thirty days of the judgment or order denying a timely motion for rehearing. Texas Rule of Appellate Procedure 49.1 provides that a motion for rehearing may be filed within fifteen days after the court of appeals issues its judgment or order. A court of appeals, however, may extend the time for filing a motion or a further motion for rehearing if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last date for filing the motion for rehearing. *See* Tex. R. App. P. 49.8.

Following the affirmance of Petitioner's conviction on October 31, 2005, counsel filed a motion for extension of time to file a motion for rehearing on November 14, 2005. The court of appeals granted the motion, extending the time for filing a motion for rehearing to January 16, 2006. On December 28, 2005, counsel sought a second extension of time to file the motion for rehearing. The court denied his request. On January 17, 2006, counsel file the motion for rehearing, which the court of appeals denied on February 1, 2006. Thereafter, counsel filed a motion for reconsideration on February 3, 2006, and a motion for rehearing en banc on February 27, 2006. The court of appeals denied both requests on February 8 and March 29, 2006, respectively. In April, 2006, counsel filed a motion to stay and for re-hearing en banc. The court of appeals again denied all motions. Beginning in June and continuing through November 2006, Petitioner thrice sought re-hearing en banc, and twice for reconsideration. All motions, filed *pro se* except for the first one, were unsuccessful. In its November 27, 2006 order, the court of appeals warned Petitioner that no further motion would be considered. (Pet's Exhibits submitted with his response to show cause order, at Exh. D). On December 27, 2006, a mandate

issued.  On the same date, Petitioner *pro se* filed a motion for extension of time to file a PDR, which the TCCA denied the next day.  *See* No. PD-1978-06.

For purposes of this recommendation, the court assumes Petitioner's counsel timely filed the first motion for rehearing on January 17, 2006, which the court of appeals denied on February 1, 2006.  Thus, the latest possible date for filing a PDR was March 3, 2006 -- thirty days after the denial of the motion for re-hearing.

The subsequently filed motions for reconsideration and for re-hearing en banc, filed either by Petitioner's counsel or the Petitioner proceeding *pro se*, did not toll the time for filing the PDR.  None of the motions was preceded by a request and order granting an extension of the fifteen-day deadline for filing a motion for rehearing under Tex. R. App. P. 49.1.  *See* Tex. R. App. P. 49.8.  It is well established that only a timely motion for rehearing under Rule 49.1 will toll the time period in which to file a PDR under Rule 68.2.  *See Franks v. State*, 97 S.W.3d 584, 585 (Tex. Crim. App. 2003) (Cochran, J., dissenting) (addressing the confusing interplay between Texas Rules of Appellate Procedure 68.2 (timetable for filing a PDR), 49.1 (motion for rehearing), and 49.7 (en banc reconsideration)).

Likewise, the belated filing of Petitioner's motion for extension of time to file a PDR on December 28, 2006, did not extend the date on which he could have filed a PDR.  Petitioner strenuously argues to the contrary in response to the court's show cause order.  His arguments, however, are patently frivolous.

Petitioner also contends that he was entitled to an additional 90 days from December 28, 2006 (the date on which the TCCA denied his *pro se* request to extend the time to file a PDR) to file a petition for writ of certiorari in the United States Supreme Court.  (Pet's response at 4, 11,

66, and 88). This argument is wholly meritless. In failing to file a timely petition for discretionary review, Petitioner waived any right to seek further relief in the United States Supreme Court. *See Roberts v. Cockrell*, 319 F.3d 690, 693 and at n. 14 (5th Cir. 2003) (overruling petitioner's argument that he was entitled to an additional 90 days to file petition for writ of certiorari, even though he did not file a PDR).[5]

Accordingly, Petitioner's judgment of conviction became final for purposes of the AEDPA one-year limitations period on March 3, 2006, thirty days after his first, timely motion for rehearing was denied.

The one-year period began to run on March 4, 2006, the day after Petitioner's conviction became final. As of January 22, 2007, the date Petitioner filed his second art. 11.07 application, 324 days of the one-year period had expired. The state application remained pending until its denial on March 28, 2007, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on March 29, 2007, and expired forty-one days later on May 9, 2007. Therefore, the federal petition, deemed filed on December 7, 2007, is clearly untimely absent equitable tolling.[6]

---

[5]     Similarly meritless is Petitioner's contention that his *pro se* motion for extension of time to file a PDR was timely filed within thirty days of the Fifth District Court of Appeals November 27, 2006 order denying his motion for reconsideration. (Pet's Response at 5).

[6]     An individual convicted of a felony offense in Texas has two avenues through which he or she may challenge the conviction -- direct appeal and state habeas. If the individual pursues a direct appeal, such appeal deprives the habeas courts of jurisdiction until the appeal becomes final by entry of the mandate by the court of appeals. *See Ex parte Johnson,* 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (per curiam) (recognizing that Court of Criminal Appeals "does not have jurisdiction to consider an application for writ of habeas corpus pursuant to Art. 11.07 until the felony judgment from which relief is sought becomes final" by issuance of

In response to the order to show cause, Petitioner asserts the statute of limitations is an affirmative defense, which should be raised by Respondent, not the court. (Pet.'s response at 1). Even though the AEDPA one-year statute of limitations is an affirmative defense rather than jurisdictional, the court may raise it *sua sponte* consistent with Rule 4 of the Rules Governing Section 2254 cases, which permits the court to examine and dismiss habeas petitions prior to any state's response. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). In *Day v. McDonough*, 547 U.S. 198, 210-211, 126 S.Ct. 1675, 1684-85 (2006), the Supreme Court extended the *sua sponte* dismissal on limitations grounds to habeas, process issued cases. It held that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, even after the initial screening of the petition. *Id.* The Court recognized, however, that district courts should grant the parties fair notice and an opportunity to present their position before *sua sponte* dismissing a habeas petition on limitations grounds. *Id.*

Here the court granted Petitioner notice of the limitations issue and an opportunity to explain why his petition was timely or why equitable tolling should apply. Petitioner complains the State was not required to submit the applicable state court record, and argues that without a copy of the State Court record, he is unable to show the court that his federal petition was timely

---

mandate).

In this instance, petitioner pursued a direct appeal followed by numerous motions for rehearings, stays, and reconsideration. While the court of appeals denied the first timely motion for rehearing on February 1, 2006, it did not issue its mandate until December 27, 2006. Thus, although the appeal was final on March 2, 2006, for purposes of the AEDPA one-year period, it did not become legally final in accordance with Texas law until December 27, 2006. *See id.*

Petitioner's first state application filed on August 5, 2005, was not "properly filed," and as such it did not statutorily toll the one-year limitations period. *See Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir. 2004) (art. 11.07 application filed *before* issuance of mandate was *not* "properly filed" and, thus, could not statutorily toll the one-year limitations period).

filed.  (Pet's response at 1-2).

The court did not issue process in this case.  As a result, the State was not required to submit a copy of the state court.  Nevertheless, the court verified the filing date of the second art. 11.07 writ by obtaining a copy of the state court's docket sheet, *see* Attachment I, and verified all remaining dates on the state courts' websites.  It is thus clear from the face of the petition that it is time barred and that no response is necessary.  *See Kiser*, 166 F.3d 328; *see also Lewis v. Cockrell*, 33 Fed. Appx. 704, *2 (5th Cir. 2002) (unpublished per curiam) (addressing propriety of *sua sponte* dismissal on limitations grounds).

Petitioner requests equitable tolling of the limitations period in response to the court's show cause order.  (Pet's response at 67).  "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)).  In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

Petitioner's own allegations reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner provides no explanation for the 253-day delay between the denial of his second state writ and the filing of his federal petition.  Such unexplained delay makes the circumstances of this case not extraordinary enough to qualify for equitable tolling.  *See Coleman  v. Johnson*, 184

F.3d 398, 403 (5th Cir. 1999) (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Nor is Petitioner entitled to equitable tolling because his first art. 11.07 writ was dismissed as premature on May 17, 2006, more than seven months before the mandate issued. This is not a case in which the petitioner could not have filed a timely second 11.07 writ *before* the one-year period expired. *Cf. Morrison v. Dretke*, 2004 WL 2870060, No. 2:03-CV-0442 (N.D. Tex., Amarillo Div., Dec. 13, 2004) (holding petitioner was entitled to equitable tolling because he was not put on notice that his first state habeas application was deficient until it was returned by the county district clerk after the one-year statute of limitations had expired). As noted above, Petitioner timely filed his second writ with forty-one days of the one-year period left. *See Kelly v. Quarterman*, 2007 WL 4467578 (5th Cir. 2007) (unpublished per curiam) (affirming denial of equitable tolling where the first art. 11.07 writ was dismissed as not "properly filed," and the timely, second state writ was denied more than four months before petitioner sought federal habeas relief).

In sum, Petitioner did not act with the diligence and alacrity necessary for equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be

DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. §

2244(d). The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 12th day of May, 2008.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT    I**

<span style="color:red">This is your document, please print for your records.</span>

To view additional information use the page up or page down key where applicable.



DA  CASE  ID  W-0300824-B          JUDCL  CASE  ID  W-0300824-B

A010  DEF  NAME  WILLIAM          C010  DEF  NAME  WILLIAM

J U D I C I A L   I N F O R M A T I O N

A010-020-030-040                              FILE  DATE  012207

DEF  NAME  WILLIAMS_BILLY_WAYNE_____ RACE _ SEX  U  DOB  00000000   AGE ___

DEF  ADR1 _____ AC ___ PH _____  SS ***********************

DEF  CITY _____ ST __  ZIP _____ DLNUM *************  DLST __

OFF  1107_PEN_WRIT_____ DT  000000  TYP/CL  F  P  GOC/CAT _ _  CODE  VA000300

COMT _____  SID  NUM _____  OF  AMT _____

COMPLAINANT _____ TAPE # _____ ARREST  DATE  000000

JUV  STAT _  REPEAT  OFFENDER _  CAREER  OFFENDER _  ORIG-LOC  WRIT___  CURR-LOC _

FILING  AGENCY _____  SER/CAS  NO _____  ARREST  NUM _____

LAI  NUM _____  AIS/DSO  NO _____  BOOKIN  NUM _____

JP  FILE  DATE  000000  JP  CASE  ID _____  JP  COURT  ID ___  FED _  EVH _  AFF _

MAGISTRATE  DATE  000000  MAGIS  COURT __   MAGIS  JUDGE _____  BOUND  OVER _

EXAM  TRIAL  DATE  000000  EXAM  COURT __   EXAM  JUDGE _____  IND  METH  WRT

GJ/H/R  DT _____ _  GJ# _____  GJ/W/FILE  012207  GJ  DS  X  DA  DSP _  ACC _  REAS _

DA  DISPOS  DATE _____   MISDEMEANOR  REDUCTION _  SENTENCE  PROBATED _

JUDCL  CASE  ID  W-0300824-B  GJ  CT __  PROS  STAT _ ___   PROS  NAME _____

COURT  ASSIGNED  TO  FW   DATE  ASSIGNED  012207   ASSIGNED  BY  M   REASON  M

PRECEEDING  DA  CASE  ID _____   SUCCEEDING  DA  CASE  ID _____

TRN _____ TRS _____   WARRANT  STATUS _ STATE  OFF  CD  00000004__
Mon May 12 13:43:52 CDT 2008

[ Page Down ]   [ Page Up ]   [ Close Window ]